[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-1328

DENNIS G. MORANI,

Plaintiff, Appellant,

v.

WILLIAM LANDENBERGER, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Dennis G. Morani on brief pro se.
Thomas G. Nicholson and Finneran & Nicholson, P.C. on brief
for appellees.

December 11, 2000

**Per Curiam**. In this appeal, pro se appellant Dennis Morani objects to the district court's denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b). We affirm, commenting here on only one of the claims raised in the motion.[1] Morani asserted that Thomas Nicholson, counsel for appellees, William Landenberger and Commonwealth Equity Service, Inc., had engaged in "fraud on the court" by misrepresenting certain facts to the district court concerning Morani's failure to call Landenberger as a witness during arbitration proceedings. The district court had apparently relied on Nicholson's representations in denying Morani's motion to vacate an arbitration award.[2] In support of his claim, Morani submitted excerpts from transcripts of the arbitration hearings (but did not provide the court with full transcripts). However, these excerpts did not establish that Nicholson had engaged in the alleged misconduct. Accordingly, the district court did not abuse

---

[1]The other claims did not justify Rule 60(b) relief because they were either irrelevant to the particular issues resolved by the district court judgment, sought reconsideration of issues resolved in a prior appeal, see footnote 2 below, or had been waived in prior proceedings.

[2]We affirmed the court's judgment denying the motion to vacate in a prior appeal, Morani v. Landenberger, 196 F.3d 9 (1st Cir. 1999).

its discretion in denying the Rule 60(b) motion.  See <u>Hoult</u> v. <u>Hoult</u>, 57 F.3d 1, 3 (1st Cir. 1995) (noting that this court reviews the denial of a Rule 60(b) motion for abuse of discretion); <u>id.</u> at 6 (holding that "newly discovered evidence" under Rule 60(b)(2) must be "of such a material and controlling nature as would probably have changed the outcome" of the pertinent proceeding) (citation omitted; internal quotation marks and brackets omitted); <u>see</u> <u>Anderson</u> v. <u>Cryovac, Inc.</u>, 862 F.2d 910, 923 (1st Cir. 1988) (agreeing that misconduct under Rule 60(b)(3) must be established by "clear and convincing evidence").

<u>The judgment of the district court is affirmed.</u>